# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 596 | **DATE** | 2-22-2013 |
| **CASE TITLE** | United States of America ex rel. Dennis Scott (R34702) vs. Marcus Hardy | | |

**DOCKET ENTRY TEXT**

Petitioner's motion for appointment of counsel [4] and motion to stay [5] are denied. Respondent shall answer or otherwise plead to the habeas corpus petition [1] by 3/22/2013. The Clerk is requested to substitute Michael Lemke, Warden, Stateville Correctional Center, as respondent in place of Marcus Hardy.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

Petitioner Dennis Scott, a Stateville Correctional Center inmate, brought a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was convicted of first degree murder, attempted robbery, and burglary and sentenced to 67 years of imprisonment. *People v. Scott*, No. 1-10-0284 (Ill. App. Aug. 5, 2011). Petitioner has completed direct review and one round of postconviction proceedings in the Illinois state courts. *People v. Scott*, 871 N.E.2d 60 (Ill. 2007); *People v. Scott*, 963 N.E.2d 250 (Ill. 2012). He has paid the $5.00 filing fee for this habeas petition. Pending before the court are Petitioner's motion for appointment of counsel, his motion to stay, and the initial review of his habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

The motion for appointment of counsel is denied as premature. Counsel is generally appointed in a habeas corpus proceeding only if an evidentiary hearing is needed or if the interests of justice require. *See Martel v. Clair*, 132 S. Ct. 1276, 1285 (2012); Rule 8(c) of the Rules Governing Section 2254 Cases. The court must first consider respondent's answer or other response to the habeas corpus petition before determining whether counsel is necessary.

Rule 4 requires this court to dismiss a habeas petition if it "plainly appears" that the petitioner is not entitled to relief. If the petition is not dismissed, then the court orders the warden to answer or otherwise plead to the petition. The petition alleges of a Fourth Amendment violation, *Stone v. Powell*, 428 U.S. 465 (1976); *Ben-Yisrayl v. Buss*, 540 F.3d 542, 552 (7th Cir. 2008); prosecutorial misconduct in closing arguments, *Parker v. Matthews*, 132 S. Ct. 2148, 2153-54 (2012) (per curiam); *Darden v. Wainwright*, 477 U.S. 168 (1986); *Ellison v. Acevedo*, 593 F.3d 625, 635-36 (7th Cir. 2010); that Petitioner was coerced into waiving his right to counsel and that the police continued questioning after he invoked his right to counsel, *Edwards v. Arizona*, 451 U.S. 477 (1981); *Coleman v. Hardy*, 690 F.3d 811, 815 (7th Cir. 2012); and ineffective assistance of trial and appellate counsel, *Strickland v. Washington*, 466 U.S. 668, 687 (1984). With the likely exception of the Fourth Amendment claim, these are cognizable claims and affirmative defenses are not present on the face of the petition. The petition therefore cannot be resolved at a Rule 4

| STATEMENT |
|---|

review, meaning that Respondent must answer or otherwise respond to the habeas corpus petition.

Regarding the stay motion, Petitioner asserts that he has exhausted his federal habeas claims in the state courts. However, while receiving assistance from others in preparing his habeas petition, Petitioner apparently was informed that he had other potential claims that he has not yet presented to the state courts. Petitioner seeks a stay of these proceedings to allow him to exhaust those other claims in the state courts. Petitioner has not yet brought a successive state postconviction petition, but hopes to do so in the near future. The court denies the motion for a stay. The information set forth on the face of the habeas petition shows that any new claims would be untimely under the one-year statute of limitations. 28 U.S.C. § 2244(d). It therefore would be futile to stay these proceedings to allow Petitioner to exhaust those claims. *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

According to the habeas petition, Petitioner completed his direct appeal proceedings in 2007. Doc. 1 at 2; 28 U.S.C. § 2244(d)(1)(A). Petitioner filed his state postconviction proceeding in 2007 while his direct appeal was still pending. Doc. 1 at 3. As a consequence, no time expired off the one year statute of limitations between the end of direct appeal and the filing of the postconviction petition. Petitioner's postconviction proceedings ended on January 25, 2012 (Doc. 1 at 3), and the federal habeas petition was not filed until almost one year later. There is no proof service, so the court cannot apply the prison mailbox rule, *Houston v. Lack*, 487 U.S. 266, 275-76 (1988); *Jones v. Bertrand*, 171 F.3d 499, 501-02 (7th Cir. 1999), but the petition is dated January 17, 2013. The petition was filed by the Clerk on January 24, 2013. Thus, just a few days, or maybe even a day, remained on the statute of limitations when petitioner filed the habeas petition.

Petitioner's problem is that he concedes that the petition does not contain any of the unexhausted claims that he wishes to protect through his stay motion. The failure to raise the claims, along with the fact that he has not yet filed a successive postconviction petition proceeding, dooms his stay request. The filing of a federal habeas petition does not toll the one-year statute of limitations as to claims that were not raised in the petition. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Additionally, Petitioner concedes that he does not have a properly filed pending state court proceeding, so the statute of limitations is not being tolled under 28 U.S.C. 2244(d)(2) either. The stay motion also does not detail the potential new claims, so Petitioner cannot suggest that any new claims would relate back to the present complaint. *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Thus, the one-year limitations period has expired, and the future filing of the successive state postconviction petition cannot alter the fact that any new federal habeas corpus claims would be untimely under 28 U.S.C. § 2244(d). *De Jesus v. Acevedo*, 567 F.3d 941, 943-44 (7th Cir. 2009); *Escamilla v. Jungwirth*, 426 F.3d 868, 870 (7th Cir. 2005) ("[t]he state court's willingness to entertain a belated collateral attack on the merits does not affect the timeliness of the federal proceedings").

Additionally, the stay motion notes that petitioner recently learned of these claims and also asserts that he has been denied legal papers at times by prison authorities. However, a lack of legal knowledge or a lack of proper transcripts are not grounds for equitable tolling of the statute of limitations. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006); *Lloyd v. Van Natta*, 296 F.3d 630, 633-34 (7th Cir. 2002). Thus, based on the information presented in the habeas petition and the stay motion, the stay motion is denied.

The court recognizes that reasonable confusion about the timeliness of future claims can qualify for good cause justifying a stay. *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). Yet Petitioner's own allegations show that any future claims will be untimely. This court may not stay habeas proceedings to allow Petitioner to exhaust these clearly meritless claims. *Rhines*, 544 U.S. at 277 ("[T]he district court

| STATEMENT |
|---|

would abuse its discretion if it were to grant [petitioner] a stay when his unexhausted claims are plainly meritless."). Thus, the stay motion is denied.

Petitioner is reminded to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Petitioner must provide the Court with the original plus a Judge's copy (including a complete copy of any exhibits) of every document filed. In addition, Petitioner must send an exact copy of any court filing to the Chief, Criminal Appeals Division, Office of the Illinois Attorney General, 100 West Randolph Street, 12th Floor, Chicago, Illinois 60601. Every document filed by Petitioner must include a certificate of service stating to whom exact copies were sent and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the court.